UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARYBETH MORAN, | : | |
| Plaintiff, | : | Civ. No. 12-6591 (JLL) |
| -v- | : | |
| NORTHWEST ESSEX COMMUNITY HEALTHCARE NETWORK INC., et al., | : | |
| | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

**I.   INTRODUCTION**

This matter comes before the Court on the plaintiff's motion to remand this action to the New Jersey Superior Court, Essex Division. ECF No. 3. Initially, defendants did not oppose or otherwise respond to the motion,[1] but now argue that plaintiff's claims are preempted by federal law. The Honorable Jose L. Linares, United States District Judge, referred the motion to the Undersigned for Report and Recommendation. For the reasons set forth herein, the Court respectfully recommends that the District Court remand this matter.

---

[1] Defendants opposition was due on November 5, 2011. After not receiving any brief or other submission from defendants, the Court held a conference call with the parties, during which defendants requested permission to file a formal opposition brief. The Court granted defendants' request, and ordered defendants to file any opposition by January 3, 2013. December 18, 2012 Order (ECF 5). Defendants so filed their opposition on January 3. (ECF No. 6). Plaintiff filed its reply on January 17, 2013. (ECF No. 7).

**II.    BACKGROUND**

Plaintiff filed this matter on September 14, 2012, in the New Jersey Superior Court, Essex County, alleging violations of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. (Count 1), employment discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5 et seq. (Count 2), and breach of contract (Count 3).  Complaint, ECF No. 1-5.  Defendants removed the matter to this Court on October 19, 2012.  Notice of Removal, ECF No. 1.

When defendants removed the case to this Court, they alleged that the state court lawsuit alleged substantially the same facts as plaintiff had alleged in Moran v. Northwest Essex Community Healthcare Network, Civ. No. 11-2802 (JLL) ("Moran I").  Notice of Removal, ECF No. 1, at 2.  Defendants allege that the claims in the state court complaint "raise[] claims and rights arising under the laws of the United States but is also pre-empted by Section 301 of the Labor Management Relations Act" because the claims required interpretation of a collectively bargained agreement.  Id. at 2-3.  Therefore, defendants asserted in the Notice of Removal that this Court has jurisdiction under 28 U.S.C. § 1331.  Id.

Plaintiff brought four claims in Moran I: the same three state law claims at issue here, as well as a Family and Medical Leave Act ("FMLA") claim under federal law.  Moran I, Complaint (ECF No. 1).  It was the FMLA that provided independent subject-matter jurisdiction for the Court to hear this matter.  April 18, 2012, Judge Linares dismissed the federal claim with prejudice having found that plaintiff failed to assert a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Moran I, April 18, 2012 Opinion and Order (ECF No. 27) at 4.  Having no remaining federal claims, Judge Linares declined to

exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1967 over the remaining state law issues.  Id. at 5.

Plaintiff then refiled the matter in state court on September 14, 2012, asserting only the three state law claims.  Defendants removed the matter, although there is no federal question and there is no diversity among the parties, arguing that all state law claims are preempted under the Labor Management Relations Act, 29 U.S.C. § 141 et seq. ("LMRA").  Def. Opp. at 2.[2]  Plaintiff argues that removal was improper because the only remaining claims are brought under state law, and there is no diversity.  Pltf. Reply at 2.

### III. Discussion

As an initial matter, the Court notes that a decision to remand is dispositive.  In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").  Accordingly, the Court makes the following Report and Recommendation to the Honorable Jose L. Linares, United States District Judge.

Removal of a civil case to federal court is governed by 28 U.S.C. § 1441.  A defendant may only remove an action brought originally in state court if the plaintiff could have filed the complaint within the original jurisdiction of the federal court.  28 U.S.C. § 1441(b); see also 28 U.S.C. § 1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

---

[2] Defendants did not initially file an opposition to Plaintiff's Motion to Remand. Nevertheless, the Court held a conference call with the parties Court and gave defendants until January 3, 2012, to file an opposition. December 18, 2012 Order (ECF 5).  Defendants so filed their opposition on that date (ECF No. 6).

3

removed by the defendant . . . to the district court of the United States. . . ."). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); see Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (noting that a federal court cannot proceed without subject matter jurisdiction, nor can a party waive such jurisdiction). As the party asserting federal jurisdiction by way of removal, the defendant bears the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Section 1441 is to be construed strictly; all doubts must be resolved in favor of remand. Id. (establishing that courts construe § 1441 strictly to honor "the Congressional intent to restrict federal diversity jurisdiction"); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) ("[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citations omitted) (internal quotations marks omitted); Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of [federal] jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.") (citations omitted).

There is no dispute that the same allegations and the same state law claims are at issue here as were at issue in Moran I. Having dismissed the only claim raising a federal question, and the only claim with an independent basis of federal subject-matter jurisdiction, Judge Linares declined to exercise supplemental jurisdiction over the remaining state law claims. Judge Linares stated:

> Having dismissed Plaintiff's federal claim as asserted in Count One of Plaintiff's

> Complaint, this Court declines to exercise supplemental jurisdiction over the remaining New Jersey state law claims asserted in Counts II, III, and IV. Judicial economy dictates that there is no significant interest served by keeping this matter in federal court.

Moran v. Northwest Essex Community Healthcare Network Inc., Civ. No. 11-2802, April 18, 2012, Opinion and Order, ECF No. 27, at 5 (citation omitted).

Defendants are essentially asking the Court to reverse that decision because, according to defendants, the state law claims are preempted by federal statutes. Even if there is merit to defendants argument, it is procedurally improper to raise this argument now. Defendants should have filed a motion for reconsideration raising the issue of preemption before Judge Linares. Local Civil Rule 7.1(i) provides that "a motion for reconsideration <u>shall be served and filed within 14 days</u> after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L.Civ.R 7.1(i) (emphasis added). Judge Linares issued his Opinion and Order dismissing plaintiff's federal claim and declining to exercise supplemental jurisdiction on April 18, 2012. After that decision, the Court no longer had subject-matter jurisdiction over this matter and it was dismissed with prejudice. Defendants had until May 2, 2012, to file a motion for reconsideration and failed to do so. To allow defendants to remove the case would nullify Judge Linares's prior Order, and create subject-matter jurisdiction after Judge Linares already declined to exercise supplemental jurisdiction.

Additionally, defendants provide no reason why they cannot pursue their federal preemption concerns in state court, including raising them as defenses to plaintiff's state-law claims.[3] Therefore, this matter must be remanded to state court.

---

[3] Plaintiff contests defendants' assertion that her state-law claims are pre-empted by the LMRA. Pltf's Reply Brief at 3-5. Plaintiff argues her claims do not require interpretation of a collective bargaining agreement, and therefore are not preempted by the LMRA. <u>Id.</u> at 3-4. For

**IV.   CONCLUSION**

For the reasons above, the Undersigned respectfully recommends that Plaintiffs' motion (ECF No. 3) be granted and this matter be remanded to the Superior Court of New Jersey, Law Division, Essex County.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

Date: January 18, 2013                                                   *s/Michael A. Hammer*
                                                                          **United States Magistrate Judge**

---

the reasons set forth above, the Court need not reach this issue.