**NOT FOR PUBLICATION**

**CLOSED**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYBETH MORAN,<br><br>          Plaintiff,<br><br>v.<br><br>NORTHWEST ESSEX COMMUNITY<br>HEALTHCARE NETWORK, INC, et al.<br><br>          Defendants. | Civil Action No. 12-6591 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiff Marybeth Moran's ("Plaintiff")'s motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County, pursuant to 28 U.S.C. § 1447. This Court referred Plaintiff's motion to the Honorable Michael A. Hammer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B). Magistrate Judge Hammer filed a Report and Recommendation in connection with this motion on January 18, 2013. In his Report and Recommendation, Magistrate Judge Hammer recommended that Plaintiff's motion be granted, and that this matter be remanded to the Superior Court of New Jersey, Law Division, Essex County. On February 4, 2013, Defendants Northwest Essex Community Healthcare Network, Inc. ("Northwest") and Elizabeth Callahan ("Callahan") filed an objection to Magistrate Judge Hammer's Report and Recommendation.

The Court has considered the submissions in support of and in opposition to Plaintiff's motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the

1

reasons set forth below, the Court adopts Magistrate Judge Hammer's Report and Recommendation, grants Plaintiff's motion to remand, and directs the Clerk of the Court to close the Court's file in this matter.

## I.    BACKGROUND

Plaintiff is employed by Northwest as a special education teacher. (Dkt. No. 1-5, Compl. ¶¶ 1, 2.)  The crux of Plaintiff's allegations is that Defendants took retaliatory actions against her because of her union activities, and her disability for depression and anxiety. (*See generally* Dkt. No. 1-5, Compl.)

Plaintiff originally commenced this litigation in federal court with the filing of a complaint on May 16, 2011. (*See* Civ. No. 11-2802, Dkt. No.1.)  This Court allowed Plaintiff to amend this complaint twice—once, after granting a motion for a more definite statement, and another time after granting a motion to dismiss.  Plaintiff's second amended complaint asserted the following causes of action: (1) a claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.*; (2) violation of the Conscientious Employee Protection Act, N.J.S.A. §§ 34:19-1 *et seq.*; (3) employment discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 *et seq.*; and (4) breach of contract. (Civ. No. 11-2802, Dkt. No. 22.)

On April 18, 2012, this Court dismissed Plaintiff's FMLA claim pursuant to Fed. R. Civ. P. 12(b)(6), upon finding that Plaintiff had "failed to provide any details that demonstrate her right to relief under the . . . [FMLA]." (Civ. No. 11-2802, Dkt. No. 27.)  Having dismissed Plaintiff's sole federal claim, this Court declined to exercise supplemental jurisdiction over the remaining New Jersey state law claims, and dismissed Plaintiff's second amended complaint with prejudice. (*Id.*)

Subsequently, Plaintiff filed this action on September 14, 2012 in the New Jersey Superior Court, Law Division, Essex County, alleging only the three state claims she had previously alleged in the second amended complaint filed in Civ. No. 11-2802. Defendants removed this action to this Court on October 19, 2012, pursuant to 28 U.S.C. § 1447. In their Notice of Removal, Defendants claim that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, and are preempted by Section 301 of the Labor Management Relations Act. (Civ. No. 12-6591, Dkt. No. 1 at 2-3.)

In her motion to remand, Plaintiff asserts that this Court lacks subject matter jurisdiction because (1) "the lawsuit does not involve a federal question," and (2) the parties are not diverse. (Civ. No. 12-6591 Dkt. No. 3-1 at 2.) In response, Defendants argue that this Court has subject matter jurisdiction because Plaintiff's claims are "completely preempted by federal law." (Civ. No. 12-6591, Dkt. No. 6 at 2.)

In his Report and Recommendation, Magistrate Judge Hammer observed that "it is procedurally improper" for Defendants to raise their preemption argument now because they should have raised this argument in a motion for reconsideration following this Court's dismissal of Plaintiff's second amended complaint in Civil Action No. 11-2802. (*See* Civ. No. 12-6591, Dkt. No. 8 at 5.) Magistrate Judge Hammer further observed that "[t]o allow [D]efendants to remove the case would nullify Judge Linares' prior Order, and create subject-matter jurisdiction after Judge Linares already declined to exercise supplemental jurisdiction." (*Id.*)

Defendants have raised the following specific objections to Magistrate Judge Hammer's Report and Recommendation: (1) that Magistrate Judge Hammer did not take "into consideration that Plaintiff's second amended complaint [in Civ. No. 11-2802] was dismissed with prejudice;"

3

and (2) Magistrate Judge Hammer's failure to address the merits of Defendants' preemption argument. (Civ. No. 12-6591, Dkt. No. 9 at 4.)

## II.    LEGAL STANDARD

When a magistrate judge addresses motions that are considered "dispositive," such as a motion to remand, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.,* 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1) (c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2).

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987). As the party invoking federal subject matter jurisdiction, a removing party bears the burden of proving that jurisdiction exists. *Samuel-Basset v. KIA Motors Am., Inc..,* 357 F.3d 392, 396 (3d Cir. 2004).

4

## III.   DISCUSSION

At the outset, the Court notes that Defendants have failed to explain how this Court could allow them to remove Plaintiff's three state claims without overruling its April 18, 2012 Order declining to exercise jurisdiction over these claims.  Notably, Defendants have not *specifically* objected to the following portion of Magistrate Judge Hammer's Report and Recommendation:

> To allow [D]efendants to remove the case would nullify Judge Linares' prior Order, and create subject matter jurisdiction after Judge Linares already declined to exercise supplemental jurisdiction.

(*See* CM/ECF No. 8 at 5.)[1]

Furthermore, Defendants have not cited any legal authority supporting the proposition that this Court should overrule its April 18, 2012 Order declining to exercise supplemental jurisdiction over Plaintiff's state claims.

To the extent that Defendants believed that this Court relied on a flawed legal premise in dismissing Plaintiff's second amended complaint in Civ. No. 11-2802, they should have moved for reconsideration within fourteen days of entry of that Order. *See* Local Civ. R. 7.1(i). That is, if Defendants believed that this Court should have addressed the merits of their preemption argument when it declined to exercise supplemental jurisdiction over Plaintiff's state claims in Civ. No. 11-2802, they should have filed a motion for reconsideration.  It is procedurally improper, however, for Defendants now to request that this Court effectively overturn its April 18, 2012 Order, and exercise jurisdiction over claims over which it previously declined to exercise supplemental jurisdiction.[2]  Accordingly,

---

[1] Under Local Civ. R. 72.1(c)(2), a party objecting to a magistrate judge's findings, recommendations, or report "shall specifically identify the [objectionable] portions," and provide "the basis" for objecting.

[2] The Court will not address the merits of Defendants' preemption argument, as that defense is more appropriately raised in state court.

IT IS on this *20* day of February, 2013

**ORDERED** that Magistrate Judge Hammer's Report and Recommendation is adopted in its entirety; and it is further

**ORDERED** that this action is remanded to the Superior Court of New Jersey, Law Division, Essex County; and it is further

**ORDERED** that the Clerk of the Court shall close the Court's file in this matter.

JOSE L. LINARES
U.S. DISTRICT JUDGE

6